**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| DANIEL T. RAMSDELL and | ) | Case No. 22-60684-can11 |
| RAMSDELL LAW FIRM, LLC | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**OBJECTION OF DEBTORS TO PROOF OF CLAIMS FILED BY THE HERSHEWE LAW FIRM, P.C., EDWARD HERSHEWE, AND ALISON HERSHEWE**

COMES NOW Daniel T. Ramsdell ("**Ramsdell**") and Ramsdell Law Firm, LLC ("**RLF**") (herein collectively "**Debtors**" or sometimes individually referred to as "**Ramsdell**" or "**RLF**" respectively), by and through attorney David E. Schroeder, and hereby object to each of the Proof of Claims filed by creditors The Hershewe Law Firm, P.C., Edward Hershewe, and Alison Hershewe (collectively "**Hershewe**" and sometimes "**Claimant**") in the separate case of RLF assigned claim numbers 2, 3, and 4 respectively (collectively the "**Hershewe Claims**").

> **Pursuant to Local Rule 3007-1(C), the Claimant shall have thirty (30) days after service of the Objection in which to file a response if you do not want the Court to eliminate or change your claim. The response shall be given in writing and state why the claim should be allowed as filed. If a response is filed, the Court will schedule a hearing. If no timely response is filed, the Court will enter an order sustaining the Objection to the claim.**

**I.    BACKGROUND AND FACTUAL PREDICATE FOR RELIEF REQUESTED**

**A.   The Hershewe Claims**

1. The Hershewe Claims as filed appear to be duplicative with the exception of the designated creditor name. The Hershewe Claims assert the same amount claimed of $1,217,715.16 asserting the basis of the claim to be a judgment rendered in Greene County, Missouri Circuit Court and asserting that the claims are secured based on a conditional assignment perfected by a UCC financing statement. The Hershewe Claims each have attached copies of the same supporting information. Hershewe Proof of Claim No. 2 in its entirety is attached hereto as **Exhibit 1** and to avoid duplicity, is referenced herein as representative of the parallel claims of Proof of Claims 3 and 4.

2. The Hershewe Claims have attached supporting information with the first attachment

1

(stamped Part 2 of each claim) consisting of a judgment entered of record October 19, 2022 in the action entitled The Hershewe Law Firm, P.C., Edward Hershewe, and Alison Hershewe v. Daniel T. Ramsdell, Winnie Ramsdell, Ramsdell Law Firm, LLC, et al., Case No. 1931-CC00067 in the Circuit Court of Greene County, Missouri.

### B. The Judgment

3. The judgment, on its face, does not contain a finding or a declaration that Hershewe was the holder of an assignment (or security interest) in accounts receivable including fees to which Ramsdell Law Firm, LLC or Daniel T. Ramsdell were entitled. The judgment incorporates a prior interlocutory judgment dated April 18, 2022 affirming in part and denying in part Hershewe's summary judgment motion. The judgment expressly provides that the interlocutory judgment is made permanent as to the matters therein contained. Judgment paragraph 1. The judgment further stated and found that all other matters proceeded to jury trial on September 20, 2022 on the issues remaining <u>after</u> the interlocutory judgment wherein the jury returned a verdict in favor of plaintiffs <u>on the remaining facts</u> to be determined (emphasis added). Judgment paragraph 2.

### C. The Interlocutory Judgment

4. The interlocutory judgment dated April 15, 2022 in its entirety is attached hereto as **Exhibit 2**. The interlocutory judgment affirmed in part plaintiff's summary judgment motion finding in favor of plaintiffs Hershewe against all named defendants (including Ramsdell and RLF) that there was consideration for the Promissory Note which was the basis of the suit. See interlocutory judgment at page 4. The interlocutory judgment denied in part plaintiffs summary judgment motion finding and concluding a contested fact remained with respect to defendants affirmative defense of payment. The interlocutory judgment is void of any declaration affirming or entering a judgment with respect to whether Hershewe was the holder of an assignment (or security interest) in accounts receivable or to the amounts or extent thereof.

## II.    REQUESTED RELIEF

5. Based upon the above facts and circumstances, Debtors object to the Hershewe Claims

2

as being in the nature of secured claims against the Debtors or any assets of the Debtors as time barred and as unenforceable under the doctrines of res judicata, collateral estopple, and the rule against splitting a cause of action or claim and are therefore precluded and stricken.

      6.    The Debtors request the Court enter an order disallowing the Hershewe Claims as secured claims and stricken as such and alternatively allow the Hershewe Claims as a general unsecured claim in the amount to be computed with judgment principal, interest, and attorney fees and any accrued interest to the date of the bankruptcy petition.

WHEREFORE, for the reasons stated, Debtors request an order of the Court disallowing the Hershewe Claims as secured claims and stricken and instead allowing Hershewe a general unsecured claim in the amount to be computed with judgment principal, interest, and attorney fees as stated in the judgment plus any accrued interest to the date of the bankruptcy petition, together with such other and further relief as this Court deems just and proper in the interest of justice.

    DAVID SCHROEDER LAW OFFICES, P.C.

By:*/s/ David E. Schroeder*
David E. Schroeder                                              #32724
3804 S. Fremont Ave.
Springfield, MO 65804
Phone: (417) 890-1000 / Fax:(417) 590-8600
Email: bk1@dschroederlaw.com
*Attorney for Debtors*


**CERTIFCATE OF SERVICE**

    The undersigned certifies that a copy of the foregoing document was served on all creditors and parties in interest via electronically to those parties who have entered an appearance in the Court's Electronic Court Filing (ECF) system and served conventionally upon any parties who have requested notice that are not participating in the ECF system by depositing same in U.S. mail, via first class, postage paid, this 6th day of , 2023.

    By:*/s/ David E. Schroeder*
    David E. Schroeder                                              #32724