IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In Re: ) | |
| ) | |
| DANIEL T. RAMSDELL ) | Case No. 22-60684-can11 |
| RAMSDELL LAW FIRM, LLC ) | (Jointly Administered) |
| ) | |
| Debtors. ) | |

**DEBTORS MOTION FOR ORDER APPROVING A BUDGET FOR USE OF DEBTORS CASH AND POST-PETITION INCOME**

COMES NOW Daniel T. Ramsdell ("**Ramsdell**") and Ramsdell Law Firm, LLC ("**RLF**") (herein collectively "**Debtors**")[1], and submit their joint Motion for Order Approving a Budget for Use of Debtors Cash and Post-Petition Income (the "**Motion**").

## BACKGROUND

1. The Debtors filed Voluntary Petitions for relief under Subchapter V of Chapter 11 of the Bankruptcy Code on December 15, 2022 (the "**Petition Dates**" and collectively the "**Bankruptcy Filings**"). Subsequently, the cases were consolidated for joint administration for procedural purposes only (Doc. No. 40).

2. Prior to and on the respective Petition Dates, Ramsdell, as an individual, maintained a license for the practice of law in the State of Missouri and was the sole member and managing member of RLF. In addition, prior to and on the respective Petition Dates, Ramsdell was also the sole member and managing member of two (2) other operating limited liability companies known as Association of Plaintiff Interstate Trucking Lawyers of America, LLC ("**APITLA**") and Ramsdell Consulting Services, LLC ("**RCS**").

3. Prior to and on the respective Petition Dates, Ramsdell's only sources of income or support was from monthly social security payments and sporadic owner draws from RLF and APITLA through RCS as the dual function of RCS was for promotion of Ramsdell for specialized plaintiff litigation trial services and to act as a centralized cash management entity for Ramsdell and his affiliated entities.

---

[1] This Motion is being filed by attorney Schroeder with the consent of Debtors as the motion for employment of attorney Schroeder as bankruptcy counsel has been taken under advisement by the Court following an evidentiary hearing conducted on March 16, 2023.

1

4. The Bankruptcy Filings were precipitated as a result of actual or perceived threats of garnishment or attachments of Debtors interest in future contingency fee contracts and compensation ("**Ramsdell Contingency Fee Compensation**") arising by virtue of Debtors being co-counsel for undisclosed plaintiffs in various plaintiff litigation cases in association with the law firm of Morgan & Morgan Tampa P.A. ("**MMT**").

5. On February 22, 2023, following the settlement and closings of claims of three (3) mutual clients/plaintiffs with respect to cases that were subject to Ramsdell Contingency Fee Compensation, MMT held certain Ramsdell Contingency Fee Compensation in the amount of $2,764,731.30 in Trust for the benefit of Ramsdell.

6. On March 3, 2023, Debtors filed a Motion for Order authorizing MMT to disburse to Debtors the Ramsdell Contingency Fee Compensation earned by Debtors so that same may be available to Debtors for the benefit of Debtors estate (Doc. No. 64).

7. On March 17, 2023, the Court entered a Stipulated Order granting in part, and denying in part, Debtors motion authorizing MMT to disburse Ramsdell Contingency Fee Compensation in the amount of $2,764,731.30[2] to the Subchapter V Trustee to be held in a separate financial bank account for the benefit of the Debtors estates and for the Subchapter V Trustee to hold those funds pending any further interim or final orders of the Court (Doc. No. 98).

8. On March 29, 2023, MMT deposited with the Subchapter V Trustee the aggregate settlement sum in the amount of $3,419,456.35 and on April 6, 2023, Debtors filed with the Court Debtors Subchapter V Small Business Plan of Reorganization (Doc. No. 114).

### RELIEF SOUGHT

9. To the extent that Court approval is required, the Debtors request the Court authorize the

---

[2] Debtors Motion also provided that a remaining case has been settled but not closed as it was subject to Circuit Court approval and that the Ramsdell Contingency Fee Compensation associated with the remaining case was $654,725.05.

Debtors to use property of the estate as defined in 11 U.S.C. §§ 541(a) and 1115(a) for the payment of their projected necessary living and business expenses including tax withholdings and other necessary deductions for an initial twelve (12) month period (the "**Initial 12 Month Period**").

10. Additionally, Debtors seek an order directing the Subchapter V Trustee to immediately pay to Debtors the amount approved by the Court to enable the Debtors to pay their anticipated expenses, deductions, and tax withholdings that Debtors have projected to be needed and would incur for the Initial 12 Month Period.

## DEBTORS BUDGET

11. Debtors, as debtors-in-possession, are authorized to operate their business under § 1108 and Debtors joint contributions of labor and expertise are essential to proceeding with operating Debtors businesses as allowed by § 1108.

12. Attached as **Exhibit A** is the Debtors projected monthly budget for the Initial 12 Month Period showing the Debtors projected cash on hand, gross income by source, and projected anticipated expenses and tax withholdings.

13. Debtors budget reflects separate sections relating to Ramsdell's individual monthly income and necessary living expenses and a separate section reflecting the projected business income and expenses of RLF and Debtors separate profit centers of RCS and APITLA.

14. Under the current circumstances, Debtors have minimal cash reserves and have filed a proposed Plan of Reorganization contemplating Ramsdell to continue in his profession and feasibility requires the release of a reasonable sum to be used in the ordinary course of business.

15. In order to continue performance under existing contingency fee agreements and to secure new and replacement contingency fee agreements and/or other personal service contracts that may generate income, approval of the budget and release of a reasonable sum is necessary to place Debtors in the position of servicing existing fee agreements and to obtain future contracts.

16. Debtors budget reflects the need for the release from post-petition cash earnings over the future

Initial 12 Month Period the sum of $95,040.48 for payment of Debtors reasonable personal expenses and the sum of $109,823.47 for payment of business expenses.

    17. Allowance of Debtors budget and the payment by Debtors of goods or services that sustain Debtors personal health and welfare and allows continuation of Debtors profit centers will place the Debtors in a better position to repay their creditors and approval of the budget is a prudent step and a necessary step to allow Debtors to formulate their Plan of Reorganization.

    WHEREFORE, Debtors respectfully request the Court enter an order (i) approving Debtors Budget, (ii) directing the Subchapter V Trustee to disburse to Debtors the respective amounts requested for the Initial 12 Month Period, and (iii) granting any and all other relief in favor of the Debtors that is just and equitable.

| *Approved as to Form & Content* | DAVID SCHROEDER LAW OFFICES, P.C. |
|---|---|
| By: */s/ Daniel T. Ramsdell* | By:*/s/ David E. Schroeder* |
| Daniel T. Ramsdell, Individually | David E. Schroeder       #32724 |
|  | 3804 S. Fremont Ave. |
|  | Springfield, MO 65804 |
| By: */s/ Daniel T. Ramsdell* | Phone: (417) 890-1000 / Fax:(417) 590-8600 |
| Daniel T. Ramsdell, Sole Member & | Email: bk1@dschroederlaw.com |
| Managing Member of RLF | *Attorney for Debtors* |

## CERTIFCATE OF SERVICE

    The undersigned certifies that a copy of the foregoing document was served on all creditors and parties in interest via electronically to those parties who have entered an appearance in the Court's Electronic Court Filing (ECF) system and served conventionally upon any parties who have requested notice that are not participating in the ECF system by depositing same in U.S. mail, via first class, postage paid, this 24th day of April, 2023.

    By:*/s/ David E. Schroeder*
    David E. Schroeder       #32724