### IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: | Case No.    22-60684 |
| | (Jointly Administered) |
| Daniel T. Ramsdell, | Chapter 11 |
| Debtor. | |
| In re: | Case No.    22-60685 |
| | (Jointly Administered) |
| Ramsdell Law Firm, LLC, | Chapter 11 |
| Debtor. | |

### MOTION TO COMPEL AND FOR ENFORCEMENT OF SUBPOENA AGAINST RAHLAW AND GRANT RAHMEYER, ITS PRINCIPAL AND REGISTERED AGENT

Come now Creditors Edward Hershewe, Alison Hershewe and Hershewe Law Firm ("Hershewe Claimants") and for their Motion to Compel and for Enforcement of Subpoena against Rahlaw and Grant Rahmeyer, its principal and registered agent state as follows:

1. On May 2, 2023, the Hershewe Claimants served a Subpoena To Testify At a Deposition in a Civil Action ("Subpoena") upon Rahlaw, a Springfield, Missouri Law Firm, by serving its Registered Agent and an attorney and principal in the law firm, Grant Rahmeyer. The Subpoena called upon Rahlaw to produce documents set forth in Exhibit A and to produce a witness to testify as to those matters. Exhibit A included any contracts between Rahlaw and Ramsdell Law Firm or Daniel Ramsdell concerning the representation of clients or potential clients, the division of fees regarding any such representations, and documents showing any fees earned. A copy of the Subpoena, with the return of service, is attached hereto as Exhibit 1.

2. On May 9, 2023, Grant Rahmeyer, a principal in Rahlaw, emailed counsel for Hershewe Claimants, indicating that he would not be appearing for the deposition on May 12, 2023, and that he would not be producing any of the requested documents. Mr Rahmeyer asserted that any documents related to representations of clients with Ramsdell would be attorney client privileged;

and that any documents related to the settlement of the Fowler/Balzer bad faith matter were protected by confidentiality in the settlement agreements. The Fowler/Balzer matter is the case involving a judgment in the amount of $65,000,000 discussed briefly in Section 10.1 of the Plan of Reorganization. The Rahmeyer email of May 9, 2023 is attached as Exhibit 2.

3. On May 10, 2023, counsel for Hershewe Claimants spoke with Mr. Rahmeyer. Mr. Rahmeyer stood by his objections and refused to produce any of the requested documents, on grounds of attorney-client privilege with respect to any contracts between Rahlaw and Ramsdell/Ramsdell Law Firm regarding representation of clients, fee agreements and settlement of cases; and as to the settlement of the Fowler/Balzer matter on grounds of confidentiality in the settlement agreements. After the conversation, Counsel for Hershewe Claimants sent an email confirming the discussion. Counsel for Hershewe Claimants offered a protective order to safeguard any confidentiality concerns but said he would proceed with a motion to compel the requested documents and enforce the subpoena.

4. . Counsel for Rahlaw understood the need for a motion to compel and for enforcement of the subpoena, and indicated that he would not have any objection to producing the requested documents if production was ordered by the Court.

5. The subpoena was issued pursuant to Fed. R. Civ. P. 45. The email from Grant Rahmeyer is considered to be an objection to production of the requested documents. Under Rule 45(d)(2)(B), upon receipt of the objection of the subpoenaed party, the party issuing the subpoena may move the Court for an Order compelling production or inspection.

6. This Court should order production and inspection of the documents requested in the Subpoena. The Documents requested are relevant to the issues in this Chapter 11 proceeding on a wide variety of issues, including the assets of the Debtors, which Debtors have refused to disclose,

either in the Plan or in any of their disclosures; the arrangements between the Debtors and any other lawyers for representation of personal injury clients, which are relevant to any attempts by Debtors to move assets to non-Debtor entities such as Ramsdell Consulting, LLC; and the required liquidation analysis, which simply cannot be conducted without knowing what the settled cases are worth.

7. Any concerns about confidentiality in a settlement agreement can be resolved by a Court order for production since any confidentiality agreement would contain an exception for an Order of Court compelling production.

8. As to attorney-client agreements concerning representations, fee sharing agreements, and other subpoenaed documents, there is no valid attorney-client privilege. Under Missouri law, as well as elsewhere, "the existence of a relationship between an attorney and a client, and the nature of the fee arrangements between the attorney and a client are not attorney-client privileged communications." *State ex rel. Koster v. Cain*, 383 S.W.3d 105, 119 (Mo. App. W.D. 2012). This is true in federal court as well: "Generally, the attorney-client privilege does not safeguard against the disclosure of either the identity of the fee-payer or the fee arrangement. This is so because the attorney-client privilege applies only to confidential professional communications, and the payment of fees is usually incidental to the attorney-client relationship." *Ralls v. U.S.*, 52 F.3d 223, 225 (9th Cir. 1995); *Matter of Grand Jury Proceeding, Cherney*, 898 F.2d 565, 567 (7th Cir. 1990).

9. The parties have conferred in good faith in an attempt to resolve this discovery dispute, as set forth in the attached emails, and are unable to reach an agreement with respect to the discovery issue presented by this motion.

WHEREFORE, Hershewe Claimants request and pray for an Order Compelling and Ordering production of all documents requested by this Subpoena, for enforcement of the subpoena, for production by Rahlaw of a witness to testify on a date certain, and for such other and further relief as this Court deems appropriate in the circumstances.

## NOTICE OF MOTION

Any response to the motion must be filed within 21 days of the date of this notice, pursuant to Local rule 9013-1C, with the Clerk of the United States Bankruptcy Court. Parties represented by an attorney shall file electronically at https://ecf.mowb.uscourts.gov. Pro se parties shall mail filings to: United States Bankruptcy Court, Western District of Missouri, 400 East 9th Street, Room 1510, Kansas City, MO 64106. Pursuant to 9013-1D, responses shall address the merits of the motion and, if applicable, set out actions to remedy the particular problem. The Court will serve such response electronically on the Trustee, debtor's attorney and all other parties to the case who have registered for electronic filing. Respondent shall serve all parties who are not served electronically.

If a response is timely filed, a hearing will be held on a date and time determined by the Court. Notice of such hearing will be provided to all parties in interest. If no response is filed within 21 days, the Court will enter an order.

Respectfully submitted,

BUCHANAN, WILLIAMS & O'BRIEN, P.C.

By: /s/ James V. O'Brien
Andrew S. Buchanan, 53824
James V. O'Brien, 31161
BUCHANAN, WILLIAMS & O'BRIEN, P.C.
1105 E 32nd St., Suite 5
Joplin, Mo. 64804
Telephone:  417-623-8220
FAX:  417-781-9706
*Attorneys for Hershewe Creditors*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court for the Western District of Missouri, Bankruptcy Division by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record on this 12th day of May, 2023

By: /s/ James V. O'Brien