# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re:<br><br>Daniel T. Ramsdell,<br><br>                  Debtor. | Case No. 22-60684<br>(Jointly Administered)<br>Chapter 11 |
| In re:<br><br>Ramsdell Law Firm, LLC,<br><br>                  Debtor. | Case No. 22-60685<br>(Jointly Administered)<br>Chapter 11 |

## OBJECTION TO CONFIRMATION OF DEBTORS' PLAN

Series V – Virage Master, LP ("Virage") herein objects to confirmation of the "Debtors Subchapter V Small Business Plan of Reorganization Dated April 6, 2023" [ECF # 114] ("Plan") filed by Daniel T. Ramsdell ("Ramsdell") and the Ramsdell Law Firm, LLC ("RLF" and with Ramsdell "Debtors"). For all these reasons, the Court should deny confirmation of the Plan.

| | |
|---|---|
| Dated: May 12, 2023 | **Lewis R. Landau** (admitted *pro hac vice*)<br>**Attorney at Law**<br><br>By:*/s/ Lewis R. Landau*<br>Lewis R. Landau |
| Dated: May 12, 2023 | **Law Offices of Grant D. Johnson, LLC**<br><br>By:*/s/ Grant D. Johnson*<br>Grant D. Johnson<br>Attorneys for Series V – Virage Master, LP |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## THE COURT SHOULD DENY CONFIRMATION OF DEBTORS' PLAN BECAUSE IT IS PATENTLY NON-CONFIRMABLE

Virage is the holder of a secured claim against the Debtors, having filed proof of claim # 15 in the amount of $3,825,366.74.  Virage has elected application of Section 1111(b) of the Code concerning Debtors' Plan treatment.  *See* ECF # 127.  Virage rejects the Plan as a secured creditor and, if so determined, as an unsecured creditor.  *See* Plan Ballot attached as Exhibit 1.[1]

As set forth in the contemporaneously pending contested matter related to Debtors' objection to Virage's claim, Virage contends that the $3,419,456.35 distributed to and held by Norman Rouse, the Subchapter V Trustee ("Trustee"), appears to be proceeds of a case titled Nunez v. Barrera, et al. Case No. 16-CA-2900 pending in the Thirteenth Judicial Circuit Court, Hillsborough County, Florida ("Nunez Case").  The Nunez Case is expressly subject to Virage's perfected security interest.[2]  *See* ECF # 140 (Virage response to objection to claim) and Virage Proof of Claim 15 ("Secured Claim").

Until the status of Virage's claim and interest in cash collateral is determined, the Debtors' plan is patently infeasible to the extent it relies on the proceeds held by the Trustee to be used to fund Plan payments other than for payment to Virage.  No provision of the Bankruptcy Code authorizes the use of a creditor's cash collateral without providing adequate protection, full payment of the secured claim or other indubitable equivalent of the creditor's interest in the collateral.  *See* 11 U.S.C. §§ 1191(c), 1129(b)(2)(A).  Here, the Plan fails to

---

[1] To the extent necessary based on the progress of Plan proceedings and Debtors' objection to Virage's claim, Virage will move for temporary allowance of its claim pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 3018(a).

[2] Unfortunately, Debtors have staunchly refused to disclose identifying information on their cases and fee agreements.  Debtors cannot have it both ways: refuse to disclose sufficient information to confirm the origin of the proceeds and simultaneously propose the Plan that is premised on the Debtors' ability to use those funds.

comply with these fundamental requirements. On this ground alone, the Debtors' Plan should be summarily rejected.

Aside from the Plan's unlawful proposal to use cash collateral without providing adequate protection, there are many more defects in the Plan. A summary of the fundamental Plan terms is as follows:

1. Three year Plan term.
2. During that 3 year term, projected disposable income ("PDI") from Debtors' cases is assigned to the Trustee for distribution to creditors. No material detail is provided as to the net value or timing of receipt of any existing case proceeds or projected future case proceeds.
3. The $3,419,456.35 segregated deposit held by the Trustee is used as follows per Plan section 5.2 (does not account for any use of the Nunez Case proceeds prior to Plan confirmation):
   a. Administrative expenses and tax on proceeds. No estimate given in the Plan but likely in excess of $1.5 million inclusive of tax on Nunez Case proceeds.
   b. Three times (3x) the "Approved Budget Allowance." Per ECF # 125, this totals approximately $615,000 if approved as requested.
   c. 75% of net (approximately $1 million?) distributed to creditors as follows:
      i. Class 1: Winnie Ramsdell: $45,000;
      ii. Class 2: IRS $353,000;
      iii. Remaining (approximately $600,000?) to all general unsecured creditors totaling $5 million; i.e., 10% distribution to Virage.
4. After expiration of the 3 year Plan term, all assets revest in the Debtors.

Aside from violating multiple Code requirements for treatment of secured creditors, the foregoing Plan proposal is utterly unfair and inequitable to unsecured creditors. The proposal fails to fulfill several confirmation requirements and should be summarily rejected. For all these reasons, the Court should summarily deny confirmation of the Debtors' Plan.

## II.

## THE DEBTORS' PLAN FAILS TO MEET NUMEROUS CONFIRMATION REQUIREMENTS AND SHOULD NOT BE CONFIRMED

The statutory requirements for confirmation of a Subchapter V plan are contained in 11 U.S.C. § 1191, which incorporates all the confirmation requirements of section 1129(a), other than 1129(a)(15). A plan may be confirmed as a consensual plan under § 1191(a), or as a nonconsensual plan under § 1191(b). To be confirmed under either provision, the plan must meet the requirements of subsections 1129(a)(1)-(7), (9), (11)-(14), and (16). A consensual plan also must meet the requirements of subsections 1129(a)(8) and (a)(10). If a debtor fails to satisfy either of those additional requirements, the plan may be confirmed as a nonconsensual plan under § 1191(b), if the plan "does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan."

The burden of proof is on Debtors to show they have satisfied the confirmation standards set forth in 11 U.S.C. §§ 1129 and 1191 by a preponderance of the evidence. *See* In re Lost Cajun Enterprises, LLC, 634 B.R. 1063, 1072 (Bankr. D. Colo. 2021); *see also*, In re Perez, 30 F.3d 1209 fn. 5 (9th Cir. 1994) ("The burden of proposing a plan that satisfies the requirements of the Code always falls on the party proposing it, but it falls particularly heavily on the debtor-in-possession or trustee since they stand in a fiduciary relationship to the estate's creditors.").

Here, the Debtors have not yet offered any evidence in support of Plan confirmation. Because no evidence has been offered as of the deadline for creditors to object to confirmation, Virage objects to confirmation under all applicable statutory requirements to the extent the Debtors do not carry their burden of proof in support of Plan confirmation. The following table summarizes these Plan confirmation statutory requirements. Requirements identified in bold text are addressed in the detailed objections following the table:

|     | **Statutory Requirement** | **Objection** |
| --- | --- | --- |
| **1.** | **§ 1191(b) and 1129(a)(1)** | **Plan complies with applicable provisions of Title 11.** |
| 2. | § 1191(b) and 1129(a)(2) | Proponent complies with applicable Title 11 provisions. |
| **3.** | **§ 1191(b) and 1129(a)(3)** | **Plan must be proposed in good faith etc.** |
| 4. | § 1191(b) and 1129(a)(4) | Court approval of professional fees and costs required. |
| 5. | § 1191(b) and 1129(a)(5) | Identification of management. |
| 6. | § 1191(b) and 1129(a)(6) | N/A (rate regulations). |
| **7.** | **§ 1191(b) and 1129(a)(7)** | **Best interests of creditors - liquidation test** |
| 8. | § 1191(b) and 1129(a)(8) | Not applicable to § 1191(b) non-consensual confirmation. |
| 9. | § 1191(b) and 1129(a)(9) | Priority claim required treatment. |
| 10. | § 1191(b) and 1129(a)(10) | Not applicable to § 1191(b) non-consensual confirmation. |
| **11.** | **§ 1191(b) and 1129(a)(11)** | **Feasibility requirement.** |
| 12. | § 1191(b) and 1129(a)(12) | Payment of statutory fees. |
| 13. | § 1191(b) and 1129(a)(13) | Payment of retiree benefits. |
| 14. | § 1191(b) and 1129(a)(16) | Transfers by non-profit entities. |
| **15.** | **§ 1191(b)** | **Plan must be fair and equitable to impaired classes.** |
| **16.** | **§ 1191(b); 1191(c)(1); 1129(b)(2)(A)** | **Plan must pay secured claims in full and retain liens.** |
| **16.** | **§ 1191(b); 1191(c)(2)** | **The Plan must provide that all of the projected disposable income of the debtor to be received in the 3-year period, or such longer period not to exceed 5 years as the court may fix, beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.** |
| **17.** | **§ 1191(b); 1191(c)(3)(B)(i)** | **Reasonable likelihood of making plan payments.** |
| **18.** | **§ 1191(b) ; 1191(c)(3)(B)(ii)** | **Plan contains remedies for plan default.** |

For all these reasons, the Court should deny confirmation of the Debtors' Plan.

## III.

## SPECIFIC CONFIRMATION OBJECTIONS

1. ***§ 1191(b) and 1129(a)(1); Plan Does Not Comply with Title 11.***

Pursuant to §§ 1191(b) and 1129(a)(1), a plan must comply with the applicable provisions of Title 11.  Here, the Plan fails to provide treatment for Virage's Secured Claim.  The Plan purports to use cash collateral without Virage's consent and without any offer of adequate protection.  These terms do not comply with Title 11.

In additional to its arguments herein, Virage joins in the objection filed by The Office of the United States Trustee [ECF # 147] ("UST Objections") concerning the Debtors' purported treatment of the Winnie Ramsdell future domestic support obligations as claims under the Plan.

The Debtors' Plan does not comply with Title 11 and confirmation should be denied.

2. ***§ 1191(b) and 1129(a)(3); Plan Not Proposed in Good Faith.***

Pursuant to §§ 1191(b) and 1129(a)(3), a plan must be proposed in good faith.  In the context of a chapter 11 reorganization, a plan is considered proposed in good faith "if there is a reasonable likelihood that the plan will achieve a result consistent with the standards prescribed under the Code." To determine whether a plan has been proposed in good faith, the "totality of the circumstances" surrounding the creation of the plan must be considered.  <u>In re Peabody Energy Corp.</u>, 933 F.3d 918, 927 (8th Cir 2019).  In additional to its arguments herein, Virage joins in the UST Objections and objections filed by Edward Hershewe, Alison Hershewe and Hershewe Law Firm, P.C. [ECF # 151] ("Hershewe Objections") concerning the Debtors' lack of good faith in its Plan proposal based on the Debtors' continuing failure to disclose its fee agreement assets, commingling of assets with affiliates and failure to maintain books and records from which the Debtors' revenues and expenses can be determined.

The good faith inquiry looks at the totality of circumstances to evaluate whether a plan achieves a result consistent with the objectives and purposes of the Code and is fundamentally fair in the Debtors' dealing with its creditors.  Here, the totality of circumstances reveals a lack of good faith in the Debtors' Plan proposal.  The Court has expanded the duties of the

Subchapter V Trustee to include an investigation of the Debtors' financial affairs. In doing so, the Court has already found that cause exists for such an investigation. The Debtors' failure to voluntarily disclose information on their financial affairs undermines their good faith.

The Debtors' Plan lacks good faith and confirmation should be denied.

### 3. § 1191(b) and 1129(a)(7); Best Interests of Creditors Test.

The Debtors' liquidation analysis is contained in section 10.1 of the Plan. In their liquidation analysis, the Debtors contend that, "any post-conversion income would not be property of the estate for the Chapter 7 Trustee to administer." The Debtors further state, "in the event of conversion […] the interests of Ramsdell and RLF in the contingency fee agreements are not property of the estate." Based on this threat that post-conversion income and proceeds of contingency fee agreement are not property of the estate, the Debtors apparently contend that the Plan satisfies the hypothetical liquidation test of § 1129(a)(7).

The Debtors Plan is wholly deficient for its lack of a fully developed liquidation analysis. First, the Debtors have already taken the position in their bankruptcy schedules that the fee agreement are assets of the bankruptcy estates. There is no basis for the contention that the estates' interest in those fee agreements are terminated in the event of conversion. Debtors must fully disclose their fee agreements and provide an explanation of the services required to realize proceeds therefrom. For example, if those fee agreements pay all creditors in full, then the Debtors' Plan is patently non-confirmable because the Plan revests those agreements in the Debtors after the three (3) year term of the Plan. Until the fee agreements are fully disclosed, it is impossible to determine the best interests of creditors.

The Debtors' Plan fails the best interests of creditors test and confirmation should be denied.

### 4. § 1191(b) and 1129(a)(11); Feasibility.

The Debtors' plan is not feasible because the treatment of secured creditors violates the Bankruptcy Code. Proceeds of the Nunez Case cannot be used for payments other than to Virage. As such, the Debtors' Plan is not feasible. Unless and until the Debtor establishes Plan

7

feasibility with admissible evidence concerning its current financial condition and disclosure of all fee agreements, confirmation should be denied.

### 5. § 1191(b); Fair and Equitable.

As mentioned above concerning the Plan's lack of good faith, the requirement that a plan be fair and equitable includes the terms set forth in § 1191(c). Those arguments are incorporated herein by reference.

### 6. § 1191(c)(1); Secured Claim Plan Issues.

Under § 1191(c)(1), the Plan must comply with the terms of § 1129(b)(2)(A). Section 1129(b)(2)(A) states as follows:

> (2) For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:
> (A) With respect to a class of secured claims, the plan provides—
> (i)(I) that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and
> (II) that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property;
> (ii) for the sale, subject to section 363(k) of this title, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds of such sale, and the treatment of such liens on proceeds under clause (i) or (iii) of this subparagraph; or
> (iii) for the realization by such holders of the indubitable equivalent of such claims.

11 U.S.C. § 1129(b)(2)(A).

Here, the Plan does not provide secured creditor treatment for Virage that complies with § 1129(b)(2)(A). Instead, the Plan proposes to wrongfully use the majority of Virage's cash collateral for payments to other creditors, without retaining Virage's lien, without providing adequate protection and without other indubitable equivalent of the claim. These unlawful Plan terms cannot be confirmed.

### 7. *§ 1191(c)(2)(A); Unsecured Claim Plan Term Issues.*

The Debtors' Plan should not be confirmed under the requirements of § 1191(c)(2)(A). Under § 1191(c)(2)(A), the Court can and should fix the Debtors' Plan term at 5-years instead of three and the Plan term must start "beginning on the date that the first payment is due under the plan *will be applied to make payments under the plan*." Since the Debtors' Plan does not meet the requirements of § 1191(c)(2)(A), the Plan cannot be confirmed.

The SBRA gives the Court discretion to impose a 5-year plan term, instead of three years. In Legal Service Bureau, Inc., v. Orange County Bail Bonds, Inc. (In re Orange County Bail Bonds, Inc.), 638 B.R. 137 (9th Cir. B.A.P. 2022), the BAP described the three-year period as a "baseline requirement." The Court explained:

> As part of the streamlined, flexible process under subchapter V, the Bankruptcy Code sets a baseline requirement that a debtor commit three years of projected disposable income, while it also affords the bankruptcy court discretion to require more as a condition of finding a plan fair and equitable.

Id., 638 B.R. at 146.

A 5-year plan term may be fixed by the Court when "unusual circumstances" are present:

> Congress's recognition that small businesses typically have shorter life-spans than large businesses suggests that a plan term of three years is more reasonable, generally speaking (or as a default), than a five-year term, ***absent unusual circumstances***.

In re Urgent Care Physicians, Ltd., 2021 WL 6090985 * 11 (Bankr. E.D. Wisc. 2021) (emphasis added).

Here, unusual circumstances are present. Debtors have not disclosed their fee agreements and provide no detail on projected new cases. Since creditors are left in the dark concerning the Debtors' income over the Plan period, the minimum Plan period must be five (5) years.

For all these reasons, the Plan cannot be confirmed.

### 8. *§ 1191(c)(3)(B)(1); Feasibility Issues.*

Pursuant to § 1191(c)(3)(B)(1), the Court must find that, "there is a reasonable likelihood that the debtor will be able to make all payments under the plan." For the reasons identified above concerning § 1129(a)(11) plan infeasibility, Debtors likewise fail to meet the requirements of § 1191(c)(3)(B)(1) and the Plan should not be confirmed.

### 9. *§ 1191(c)(3)(B)(2); Lack of Default Remedies.*

Pursuant to § 1191(c)(3)(B)(2), the Court must find that, "the plan provides appropriate remedies, which may include the liquidation of nonexempt assets, to protect the holders of claims or interests in the event that the payments are not made." Here, the Plan contains no remedies in the event of a Plan default and instead simply entitles creditors to pursue their state law right. *See* Plan at 12.2. The Plan therefor cannot be confirmed.

## II.

## CONCLUSION

For all these reasons, the Court should deny Plan confirmation.

| | |
|---|---|
| Dated: May 12, 2023 | **Lewis R. Landau** (admitted *pro hac vice*)<br>**Attorney at Law**<br><br>By:*/s/ Lewis R. Landau*<br>Lewis R. Landau<br>Attorneys for Series V – Virage Master, LP |
| Dated: May 12, 2023 | **Law Offices of Grant D. Johnson, LLC**<br><br>By: By:*/s/ Grant D. Johnson*<br>Grant D. Johnson<br>Attorney for Series V – Virage Master, LP |

**Lewis R. Landau** (admitted *pro hac vice*)
**Attorney at Law**
22287 Mulholland Hwy., # 318
Calabasas, CA 91302
Voice & Fax: (888)822-4340
Email: Lew@Landaunet.com

**Grant D. Johnson** (MO Bar # 59829)
**Law Office of Grant D. Johnson, L.L.C.**
3645 S. Culpepper Circle
Springfield, MO 65804
p. (417) 841-2779
f. (417) 823-3995
atty.johnson@lawofficegdj.com

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In Re: | ) |
| | ) |
| DANIEL T. RAMSDELL | ) Case No. 22-60684-can11 |
| RAMSDELL LAW FIRM, LLC | ) (Joint Administration) |
| | ) |
| Debtors. | |

### BALLOT FOR ACCEPTING OR REJECTING PLAN OF REORGANIZATION

Daniel T. Ramsdell and Ramsdell Law Firm, LLC ("**Proponents**") filed a Plan of Reorganization dated April 7, 2021 (the "Plan") as the Debtors in this case. The Court has entered an Order Fixing Deadlines and Setting a Confirmation Hearing with respect to the Plan. The Plan and disclosures therein, together with Plan exhibits, provide information to assist you in deciding how to vote your ballot. If you do not have a copy of the Plan, you may obtain a copy from Proponent's attorney David E. Schroeder at the following:

> David Schroeder Law Offices, P.C.
> 3804 S. Fremont Ave.
> Springfield, MO 65804
> Phone: (417) 890-1000
> Fax: (417) 590-8600
> Email: bk1@dschroederlaw.com

**You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim or equity interest has been placed in one or more specific classes as set forth below. See pp. 9-11 of the Plan for more detail regarding the classification of claims and interest in the Plan and for the treatment accorded each individual class. If you hold claims or equity interests in more than one class, you may cast a ballot for each class in which you are entitled to vote.**

**If your ballot is not received by Proponents attorney on or before May 12, 2023, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

### ACCEPTANCE OR REJECTION OF THE PLAN

You must insert the number of the class into which your claim or interest has been classified and the amount of your claim.

(a) [If the voter is the holder of a priority unsecured claim:] The undersigned, the holder of a Class 1 claim against the Debtors in the unpaid amount of $_____.

(b) [If the voter is the holder of a secured claim:] The undersigned, the holder of a Class 2 claim against the Debtors in the unpaid amount of $ 3,852,366.74   which is secured by a security interest, Deed of Trust, or lien claim against the Debtor.

(c) [If the voter is the holder of a non-priority unsecured claim:] The undersigned, the holder of a Class 3 claim against the Debtors in the unpaid principal amount of $ 3,852,366.74* .
  * Only to the extent claim is determined to be a general unsecured claim.

(d) [If the voter is the holder of an equity interest:] The undersigned, the holder of a Class 4 equity interest in the Debtors, consisting of _____ shares or other interest in the Debtor.

**<u>VOTE</u>**

*Check one box only.*

☐ **Accepts the Plan**                    ☑ **Rejects the Plan**

Dated: 5/11/23

Print or type name: Series V - Virage Master, LP

Signature: [signature]

Title (if business entity): Attorney

Address: 22287 Mulholland Hwy., # 318

Calabasas, CA 91302

---

**Return this ballot on or before May 12, 2023 to:**

David Schroeder Law Offices, P.C.
3804 S. Fremont Ave.
Springfield, MO 65753
Fax: (417) 590-8600
Email: bk1@dschroederlaw.com
*Attorney for Proponents*

**<u>ONLY RETURN A COPY OF THE COMPLETED BALLOT TO DEBTOR'S COUNSEL</u>.**

**<u>PLEASE MAKE NOTE OF DEADLINES AS SET FORTH IN THE COURT'S NOTICE AND ORDER CIRCULATED WITH THIS BALLOT.</u>**

## CERTIFICATE OF SERVICE

      The undersigned certifies that on May 12, 2023 the foregoing Ballot for Accepting or Rejecting Plan of Reorganization was electronically served on all parties in interest by electronic transmission to those parties who have entered an appearance in the Court's Electronic Court Filing (ECF) system.

| | |
|---|---|
| Dated: May 12, 2023 | **Lewis R. Landau** (admitted *pro hac vice*)<br>**Attorney at Law** |
| | By:*/s/ Lewis R. Landau*<br>Lewis R. Landau<br>Attorney for Series V – Virage Master, LP |

**Lewis R. Landau** (admitted *pro hac vice*)
**Attorney at Law**
22287 Mulholland Hwy., # 318
Calabasas, CA 91302
Voice & Fax: (888)822-4340
Email: Lew@Landaunet.com

## CERTIFICATE OF SERVICE

      The undersigned certifies that on May 12, 2023 the foregoing OBJECTION TO CONFIRMATION OF DEBTORS' PLAN was electronically served on all parties in interest by electronic transmission to those parties who have entered an appearance in the Court's Electronic Court Filing (ECF) system.

Dated: May 12, 2023

**Lewis R. Landau** (admitted *pro hac vice*)
**Attorney at Law**


By:*/s/ Lewis R. Landau*
Lewis R. Landau
Attorney for Series V – Virage Master, LP


**Lewis R. Landau** (admitted *pro hac vice*)
**Attorney at Law**
22287 Mulholland Hwy., # 318
Calabasas, CA 91302
Voice & Fax: (888)822-4340
Email: Lew@Landaunet.com