# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
### Southern Division—Springfield

| | |
|---|---|
| In re: Daniel T. Ramsdell, | Case No. 22-60684-can11 |
| Debtor. | |
| | |
| In re: Ramsdell Law Firm, LLC | Case No. 22-60685-can11 |
| Debtor. | |

**United States Trustee's Objection
to Debtors' Motion to Approve Budget**

The United States Trustee objects to the debtors' budget motion, which relies on information that cannot be verified because the debtors have withheld it—specifically, information about the debtors' interests in contingency-fee litigation agreements. Without that information, the debtors cannot demonstrate why their budgets are reasonable and why the Court should approve them.

The motion proposes to disburse, from funds in the subchapter V trustee's account, a total of $95,040.48 to Daniel Ramsdell and $109,823.47 to Ramsdell Law Firm, LLC, to help cover the debtors' expenses for 12 months. But by shielding the meaningful details of

1

their contingency-fee interests, the debtors are essentially asking the Court, creditors, and all other stakeholders to review the debtors' projections in the dark. The debtors have filed operating reports covering only a relatively short period in bankruptcy, from December 15, 2022, through February 2023, and they show only minimal income and expenses.

Without more information about the substance of the debtors' contingency-fee interests—including, among other things, the terms of the co-counsel agreements, the cases and claims involved, the damages sought, and the status of any pending lawsuits—and how the debtors intend to pursue them, there is no way to evaluate the budgets and their underlying assumptions. This is particularly true in the case of Ramsdell Law Firm and its projected business expenses. When all the parties are privy to so little information about the cases the debtors are working on, how could they weigh the reasonableness of the firm's projected expenses for, among other things, marketing, accounting, or a part-time secretary? Because the debtors' selective disclosure makes it impossible to determine

whether the budgets are reasonable and whether the debtors are entitled to the proposed disbursements, the motion should be denied.

It also appears that the budget motion may be procedurally improper. The two largest creditors in these cases—Series 5 Virage Master, LP, and the Hershewes—allege that their claims are secured, an issue the debtors dispute. To the extent that the debtors may be asking the Court to authorize use of those creditors' cash collateral, the motion fails to identify any adequate protection for those creditors or an explanation as to why their interests are adequately protected.[1] Ramsdell Law Firm's budget also includes a line item for past-due Westlaw legal-research fees, but it is unclear whether "past due" means the debt was incurred pre-petition; if it was, the debtors have not argued why it is necessary to pay it now, outside of a confirmed plan.

Because the debtors have not shown why their proposed expenses are reasonable and because they have not met the procedural

---

[1] *See* Fed. R. Bankr. P. 4001(b)(1)(B)(iv).

requirements for what may be a cash-collateral request, the Court should deny the budget motion.

>Respectfully submitted,
>
>DANIEL J. CASAMATTA,
>ACTING UNITED STATES TRUSTEE
>
>By *Christopher T. Borniger*, No. 24692 (KS)
>400 E. 9th St., Room 3440
>Kansas City, MO 64106
>816-512-1946 (phone)
>816-512-1967 (fax)
>Christopher.T.Borniger@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on May 15, 2023, a true and correct copy of this **Objection** was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in this case through the CM/ECF system.

>By *Christopher T. Borniger*