IN THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In Re: ) | |
| ) | |
| DANIEL T. RAMSDELL ) | Case No.  22-60684-can11 |
| RAMSDELL LAW FIRM, LLC, ) |    Jointly Administered |
| ) | |
| Debtors. ) | |

DEBTORS' MOTION FOR PROTECTIVE ORDER

COME NOW the Debtors Daniel T. Ramsdell and his law firm Ramsdell Law Firm, LLCand for their Motion for Protective Order, state as follows:

1. The Debtors filed their petition for relief under Chapter 11 on December 15, 2022, and thereafter, these two cases were consolidated for joint administration.

2. This Court has jurisdiction to consider this mater pursuant to 28 U.S.C. Sections 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. Section 157(b).

3. The parties attempted to mediate their differences with the assistance of the Honorable Brian T. Fenimore commencing around June 14, 2023 and ending on July 27, 2023.  The mediation process included Judge Fenimore contacting each party individually over a period of a week to learn their respective positions; and then on July 27th, to speak with each party in a traditional mediation format. The parties were unable to reach an agreement and due to commitments of the mediator, the mediation was suspended but not terminated. The Debtors believe that it would be a great benefit to the Debtors and their creditors to reconvene the mediation process once Judge Fenimore is able to resume the mediation and once the parties receive information about pending litigation[1] under the terms and conditions sought in this

---

[1] The pending litigation includes three cases in Florida Courts (two separate wrongful death cases and one catastrophic personal injury case) and one case in Illinois.

Motion for Protective Order. In fact, the undersigned has made arrangements to speak with Judge Fenimore today to discuss further negotiations.

4. This Court, at the last status conference with the parties on August 1, 2023, directed Debtors to seek a protective order to find a way for the Debtors to provide to their creditors the information that the creditors seek (a) a full disclosure of the cases that may make up alleged collateral of Series V-Virage Master, LP and the Hershewe Creditors; (b) a determination of the extent of funds to distribute to the Debtors for their operating budgets and if funds are distributed to Debtors, to provide the alleged secured creditors with a replacement post-petition lien on the pending litigation; and (c) the information sought about pending litigation is also necessary for all creditors to analyze Debtors' Budgets, and the feasibility of the Chapter 11 Plan and any amendments to said Plan.

5. The impasse at the mediation described above in general involved the inability of the Debtors to provide information regarding the identity of the pending litigation and the values of the pending cases (including the three Florida cases and the case in Illinois that involves Ramsdell Consulting Services, LLC). The reluctance of Debtors to provide information about these cases stems from Debtors' concern and belief that the disclosure of such case information is case sensitive and in general constitutes confidential privileged and work product information and which information which should be protected from disclosure to any persons or entities, without first obtaining the approval of the clients and the Debtors' co-counsel. The contingency fee agreements with Debtors in the Florida cases are actually under seal by Court Orders in those cases. Thus, production of those agreements would require further orders from the Florida courts.

6. Debtors respectfully submit that the creditors have a legitimate need to be able to

reasonably value the pending litigation in order to (a) approve a monthly budget for each Debtor and (b) assess a Chapter 11 Subchapter V Plan to ensure that its provisions comply with 11 U.S.C. Sections 1129 and 1190.

7. Debtors respectfully submit that strict limits should be set in a protective order to protect the interests of the Debtors' clients in the pending litigation.

8. Debtors further submit that disclosure of relevant, confidential and case sensitive information provided by Debtors to creditors as set forth herein would be for the benefit of the creditors and the Debtors.

9. The Debtors believe that the current good faith estimate of the value of the cases involved (and the calculation of the Debtors' attorneys' fees) should likely be sufficient to pay all of the creditors in full.

10. Presently, Norman Rouse, the Subchapter V Trustee, holds $4,077,000.00. These funds were voluntarily deposited with the Trustee at the direction of the Debtors once they were earned post-petition.

11. Once the documents and opinions of valuation sought to be produced under a protective order are provided to the Court and to creditors, the Debtors believe that the information and documents provided will demonstrate to the Court and to creditors, the Debtors' ability to generate millions of dollars in fees as hired co-counsel and consultant in these trucking cases.

12. Without the Court's approval of budgets for the Debtors as requested in the Motion for Use of Funds and the Amended Motion for Use of Funds, it will be extremely difficult, if not impossible, for Debtors to operate the law firm business and to be able to secure potentially millions of dollars in attorneys' fees for the benefit of all creditors (irrespective of whether the creditors are secured, priority, administrative claims, tax claims, or to any and all

unsecured creditors). With the documents and information that the Debtors are able to provide under a protective order, the Court and the creditors will hopefully recognize the Debtors' important role as co-counsel and consultant in these cases (and not as merely referring counsel as Creditors have wrongfully suggested). As co-counsel and consultant, Debtors must provide valuable legal services which require an outlay of expenses as shown on the budgets.

13. Debtors request an initial protective order that allows the Debtors to provide, at a minimum, the documents and information described on the attached Exhibit A (as well as further documents and opinion of the valuation of these cases) to those creditors and their counsel who have participated in the mediation:

   a. Series V-Virage Master, LP and its counsel Lewis Landau;

   b. Ed and Allison Hershewe, Hershewe Law Firm, P.C. and their counsel Mr. Jim O'Brien;

   c. SubChapter V Trustee Norman Rouse,

   d. Chris Borniger, attorney for the United States Trustee;

   e. Dan Ramsdell, and Ramsdell Law Firm, LLC and their counsel Erlene Krigel,

   f. the Honorable Brian Fenimore, Western District of Missouri Bankruptcy Judge.

   g. Millington & Glass and its attorney Thomas Millington.

14. The Debtors request that the protective order provide that these parties and their counsel agree to review the documents and information, and that these parties and their counsel will not share the same with any third parties, including, but not limited to, other attorneys and other creditors until such time as the Court orders otherwise. Further, counsel for each of these parties shall notify their respective clients of the nature of any protective order such that the clients (and

their agents and employees) shall not disclose any of the protective material without first obtaining a further order from this Court.

15. Debtors request that the protective order reflect that the documents and information are provided to the parties and their attorneys as listed above for the purpose of continuing the mediation. Missouri law provides that production of such documents and information in conjunction with the mediation protects and preserves the confidentiality of the information and the documentation.

16. Should the parties be unable to resolve their differences through the mediation, Debtors shall seek an additional protective order from the Court to provide all creditors will information about the pending litigation and the value of the same so that all creditors can make their decision as to whether to support the SubChapter V Plan as proposed by the Debtors.

17. The Debtors have drafted a proposed Protective Order for the Court's consideration and attaches it as Exhibit B to this Motion.

WHEREFORE, Debtors respectfully move the Court to enter a Protective Order in a form substantially similar to the attached Exhibit B that allows Debtors to distribute immediately the documents and information described on the attached Exhibit A, and to protect the sensitive nature of such documents and information as described herein; and for such further orders as the Court deems just and appropriate.

KRIGEL & KRIGEL, P.C.

/s/ Erlene W. Krigel
Erlene W. Krigel No. 29416
4520 Main Street, Suite 700
Kansas City, Missouri 64111
Telephone: (816) 756-5800
Facsimile: (816) 756-1999
ATTORNEYS FOR DEBTORS

CERTIFICATE OF SERVICE

    I hereby certify that on August 14, 2023, a copy of the foregoing was mailed, either electronically or by U. S. Postal Service, postage prepaid, to all persons requesting notice through the Court's ECF noticing system.

    /s/ Erlene W. Krigel
    Erlene W. Krigel